# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

TERESEA PETERSON, )
) Case No.:
Plaintiff )
)
v. ) COMPLAINT AND DEMAND FOR
) JURY TRIAL
SEVENTH AVENUE, INC., ) 2:17-CV-802-MHT-WC
)
Defendant )
)
)

## COMPLAINT

TERESEA PETERSON ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against SEVENTH AVENUE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Alabama, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2)

## PARTIES

5. Plaintiff is a natural person residing in Montgomery, Alabama 36116.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 1112 7th Avenue, Monroe WI 53566.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for over one (1) year.

11. Beginning in or around April of 2017 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt.

12. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

13. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as calls would begin with a pre-recorded message or long delay before a live agent would come on the phone.

14. Defendant's calls were not for emergency purposes.

15. Upon initial contact in April 2017, Plaintiff told Defendant to stop calling, revoking any consent Defendant may have had to call her cellular telephone.

16. Once Defendant was aware that Plaintiff did not want calls placed to her cellular telephone, Defendant's continued calls served no legal purpose and could only have been placed for the purpose of harassment.

17. Despite Plaintiff's clear revocation of consent, Defendant continued to call Plaintiff's cellular telephone for several months thereafter.

18. Frustrated by Defendant's continued calls, Plaintiff had no choice but to download an application to her cellular telephone to block Defendant's continued calls.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

19. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

20. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

21. Despite the fact that Plaintiff revoked consent to Defendant placing calls to her in April 2017, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

22. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

23. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone between April and July 2017.

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, TERESA PETERSON, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TERESA PETERSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: November 15, 2017

By: _____
Joseph C. Hoeffel, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: teamkimmel@creditlaw.com
Attorney for Plaintiff